UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 28 P 4: 16

U.S. DISTRICT COURT
DISTRICT OF MASS.

```
*********************************
                                 *
SPECIALTY NATIONAL INSURANCE     *
COMPANY,                         *
                                 *
        Plaintiff,               *
                                 *
-vs-                             *
                                 *
ONE BEACON INSURANCE COMPANY,    *
                                 *
        Defendant.               *
                                 *
*********************************
```

04 12306 RCL

Civil Action No. _____

RECEIPT # 59696
AMOUNT $ 150.00
SUMMONS ISSUED ✓
LOCAL RULE 4.1 ✓
WAIVER FORM ___
MCF ISSUED ✓
BY DPTY. CLK. M.P.
DATE 10/29/2004

MAGISTRATE JUDGE JLA

## COMPLAINT

### Introduction

1.  This is an action for equitable subrogation and declaratory relief. Specialty National Insurance Company ("Specialty National") seeks a judgment that the defendant, One Beacon Insurance Company ("One Beacon"), was primarily obligated under a policy of motor vehicle liability insurance which it issued to Jerry McMillian Professional Tree Service, Inc. ("McMillian") to defend and indemnify McMillian against personal injury claims brought against it by Marcia Rhodes and others. Specialty National in fact defended McMillian against these claims pursuant to a policy of general liability insurance, which should have provided excess coverage if it applied at all. Specialty National and One Beacon jointly funded a settlement of the Rhodes' claims pursuant to an agreement between them reserving their right to seek reimbursement from the other of their respective share. Specialty National now seeks a judgment declaring that One Beacon was responsible for defending and indemnifying McMillian, and seeking reimbursement of all those sums which has previously paid on McMillian's behalf.

### Parties

2.  Specialty National is an Illinois corporation licensed to engage in the business of insurance within the Commonwealth of Massachusetts with a principal place of business in Long Grove, Illinois.

3.  One Beacon is a Delaware corporation licensed to engage in the business of insurance within the Commonwealth of Massachusetts with a principal place of business at One Beacon Street, Boston, Massachusetts.

## Jurisdiction

4. This Court has jurisdiction of this civil action pursuant to the provisions of 28 U.S.C. §1332 because the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## Factual Allegations

5. Marcia Rhodes was seriously injured on January 9, 2002 when a tractor-trailer driven by Carlo Zalewski drove into her stopped vehicle on Route 109 in Medway, Massachusetts.

6. Rhodes had stopped her car at the direction of a Medway police officer who was directing traffic at a location where tree removal work was being done.

7. At the time of the accident McMillian was grinding a tree stump using a stump grinder machine attached to a pickup truck which it was using to move the grinder from location to location as it performed its work on Route 109.

8. On or about July 12, 2002, Marcia Rhodes and others filed a complaint in Norfolk County Superior Court, entitled *Marcia Rhodes, et al v. Carlo Zalewski, Driver Logistics, Penske Truck Leasing Corp., and GAF Building Materials Corp.* ("Underlying Action") in which they alleged that the defendants were negligence and sought an award of damages as a result of the January 9, 2002 accident.

9. On or about September 11, 2003, Zalewski and Driver Logistics filed a third party complaint against McMillian and the Town of Medway alleging that their negligence caused Rhodes' accident.

10. At all times relevant, McMillian was insured under a general liability policy of insurance issued by Specialty National, Policy No. 3XZ138766-00.

11. The provisions of Specialty National Policy No. 3XZ138766-00 included an exclusion stating that coverage did not apply to "[b]odily injury or property damage arising out of the ownership, maintenance, use or entrustment to others of any aircraft, auto or watercraft owned or operated by or rented or loaned to any insured."

12. At all times relevant, McMillian was insured under a motor vehicle insurance policy issued by One Beacon providing coverage for liability arising out of the ownership or use of a motor vehicle.

13. McMillian tendered the third party complaint to both Specialty National and One Beacon asking that each undertake to protect it under the terms of insurance coverage.

14. Specialty National retained counsel for McMillian and undertook to provide it with a defense.

15. One Beacon did not undertake to defend McMillian.

16. A dispute thereafter arose between Specialty National and One Beacon about which insurer was responsible for providing defense and indemnity benefits to McMillian.

17. In and about August 2004, Specialty National and One Beacon, pursuant to an agreement between them, entered into a settlement with Rhodes for $550,000 on behalf of McMillian Tree Service; each contributing $275,000 and specifically reserving its right to seek reimbursement from the other.

### Count I- Equitable Subrogation

18. Paragraphs 1 to 17 are realleged and incorporated herein by reference.

19. One Beacon was primarily responsible to defend and indemnify McMillian against the claims made against it in the Underlying Action pursuant to the terms of the motor vehicle insurance policy that it issued.

20. Specialty National undertook to defend McMillian and to contribute to the resolution of the Underlying Action because of the failure of One Beacon to honor its primary contractual obligation to McMillian under the terms of the motor vehicle insurance policy that issued.

21. Specialty National is equitably subrogated to the right of McMillian to recover under the terms of the One Beacon policy, including reimbursement from One Beacon for all sums that it has paid for defense and indemnity on behalf of McMillian.

Wherefore Specialty National asks that a judgment be entered in its favor requiring One Beacon to reimburse it for all sums that it has paid on behalf of McMillian for defense and indemnity in connection with the Underlying Action plus interest, as well as all costs and fees incurred in the prosecution of this action.

### Count II - Declaratory Judgment

22. Paragraphs 1 to 21 are realleged and incorporated herein by reference.

23. A dispute exists between Specialty National and One Beacon relative to their respective obligations to provide defense and indemnity benefits to McMillian for the Underlying Action under the terms of the insurance policies that they issued.

24. One Beacon has the primary obligation to defend and indemnify McMillian for the Underlying Action under the terms of the motor vehicle liability policy that it issued because Ms. Rhodes' accident arose out of the use of a vehicle within the scope of the insuring provisions of that policy.

Wherefore Specialty National asks that a judgment be entered declaring that One Beacon had the primary obligation to defend and indemnify McMillian in connection with the Underlying Action under the terms of its motor vehicle liability policy, and that One Beacon is required to reimburse

Specialty National for all sums that it has paid on behalf of McMillian for defense and indemnity in connection with the Underlying Action.

SPECIALTY NATIONAL INSURANCE COMPANY,

by its attorneys,

*Robert P. Powers*

Robert P. Powers, BBO# 544691
Paul T. Tetrault, BBO# 658289
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
(617) 523-6200

Dated: October 28, 2004