UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SPECIALTY NATIONAL INSURANCE
COMPANY,
        Plaintiff,

vs.

ONE BEACON INSURANCE COMPANY,
        Defendant.

Civil Action No. 04-12306 RCL

## ANSWER AND COUNTERCLAIM OF DEFENDANT,
## ONE BEACON INSURANCE COMPANY

### ANSWER

Defendant, One Beacon Insurance Company ("OneBeacon") sets forth below its answer to the Complaint of the Plaintiff, Specialty National Insurance Company ("Specialty National") and its counterclaim against Specialty National.

1. To the extent that paragraph one of the Complaint states legal conclusions and not allegations of fact, no answer is required. To the extent that paragraph one contains allegations of fact, OneBeacon denies those allegations.

2. OneBeacon admits that Specialty National issued at least one policy of insurance in the Commonwealth of Massachusetts, but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph two of the Complaint.

3. OneBeacon admits the allegations of paragraph three of the Complaint.

4. OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph four of the Complaint.

5. OneBeacon admits the allegations of paragraph five of the Complaint.

6. OneBeacon admits the allegations of paragraph six of the Complaint.

7. OneBeacon admits that the time of the accident, an employee of McMillan was grinding a tree stump using a stump grinder attached to a pickup truck, but OneBeacon denies the remaining allegations of paragraph seven of the Complaint.

8. OneBeacon admits paragraph eight of the Complaint.

9. OneBeacon admits that certain defendants in the Underlying Action filed a Third-Party Complaint against McMillan and the Town of Medway, but otherwise denies the allegations of paragraph nine of the Complaint.

10. OneBeacon admits the allegations of paragraph ten of the Complaint.

11. OneBeacon is without knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph eleven of the Complaint.

12. OneBeacon denies the allegations of paragraph twelve of the Complaint and further answering states that, at relevant times, Commercial Union Insurance Company, now known as OneBeacon America Insurance Company ("Commercial Union"), had in effect a Commercial Automobile Insurance Policy which provided certain coverages to McMillan, but did not provide coverage with respect to the claims asserted in the Underlying Action.

13. OneBeacon denies the allegations of paragraph thirteen of the Complaint.

14. OneBeacon admits the allegations of paragraph fourteen of the Complaint and further answering states that the defense undertaken by Specialty National of McMillan was without a reservation of rights.

15. OneBeacon denies the allegations of paragraph fifteen of the Complaint.

16. OneBeacon denies the allegations of paragraph sixteen of the Complaint and further answering states that there is a dispute between Commercial Union and Specialty National concerning which insurer, if any, was responsible for providing defense and indemnity benefits to McMillan.

17. OneBeacon admits that Specialty National and Commercial Union funded a settlement of the third-party claims against McMillan by each of them making a payment of $275,000 to the Plaintiffs. Also further answering, OneBeacon states that there were discussions between representatives of Commercial Union and Specialty National regarding certain reservations of rights and the reservation of the right to seek reimbursement, each from the other, but that Specialty National never executed a written agreement with respect to such reservations.

## COUNT I – EQUITABLE SUBROGATION

18. OneBeacon incorporates herein by reference its answers to paragraphs one through seventeen of the Complaint.

19. OneBeacon denies the allegations of paragraph nineteen of the Complaint.

20. OneBeacon denies the allegations of paragraph twenty of the Complaint.

21. OneBeacon denies the allegations of paragraph twenty-one of the Complaint.

## COUNT II – DECLARATORY JUDGMENT

22. OneBeacon incorporates herein by reference its answers to paragraphs one through twenty-one of the Complaint.

23. OneBeacon denies the allegations of paragraph twenty-three of the Complaint.

24. OneBeacon denies the allegations of paragraph twenty-four of the Complaint

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

Count I of the Complaint fails to state a claim upon which relief may be granted because, if Specialty National was not obligated to provide coverage for McMillan as it now apparently contends, then any payments made by Specialty National were as a volunteer and Specialty National is not entitled to be subrogated to the rights of McMillan.

### SECOND AFFIRMATIVE DEFENSE

Because Specialty National provided a defense of the Third-Party Complaint against McMillan in the Underlying Action without a reservation of rights and otherwise asserted control over the defense of the action, McMillan is estopped to deny that it was obligated to provide coverage to McMillan with respect to the Underlying Action and may not now contend that it is entitled to assert McMillan's rights, if any, against OneBeacon.

## **COUNTERCLAIM**

1. If OneBeacon is the insurer for McMillan as alleged in Specialty National's Complaint, then OneBeacon, by virtue of the terms of its policy or by operation of law, is entitled to assert the claims of McMillan against Specialty National under the Specialty National policy.

2. Under the Specialty National policy, Specialty National owed McMillan the primary duty to defend and indemnify McMillan with respect to the allegations against McMillan in the Underlying Action.

3. OneBeacon took certain action to protect the interests of McMillan, including the payment of $275,000 as a contribution toward the settlement with the Plaintiff.

4. By virtue of equitable subrogation, by assignment of rights of the policy issued to McMillan or by way of agreement between Specialty National and Commercial Union concerning reservation of the right to seek reimbursement for payments made, OneBeacon is entitled to recover the amounts it paid from Specialty National.

WHEREFORE, OneBeacon seeks judgment against Specialty National in the amount of $275,000, plus interest from the date of payment and costs.

**ONEBEACON INSURANCE COMPANY,**
By its attorneys,

Peter G. Hermes, BBO# 231840
HERMES, NETBURN, O'CONNOR
  & SPEARING, P.C.
111 Devonshire Street, Eighth Floor
Boston, MA 02109-5407
(617) 728-0050
(617) 728-0052 (F)

Dated: January 12, 2005

### CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of January, 2005, I served the foregoing document by first class mail, postage prepaid, upon the following counsel of record:

Robert P. Powers, Esquire
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109-1775

Peter G. Hermes

G:\DOCS\PGH\clients\CGU\J. McMillan Prof. Tree Service, Inc\Specialty National\Pleadings\Answer and Counterclaim.doc