UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPECIALTY NATIONAL INSURANCE COMPANY, ) ) ) ) Plaintiff, ) ) v. ) ) ONEBEACON INSURANCE COMPANY, ) ) Defendant. ) ) | Civil Action No. 04-12306 RCL |

**DEFENDANT, ONEBEACON INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT AND CONCISE STATEMENT OF UNDISPUTED FACTS**

Pursuant to Fed. R. Civ. P. 56, OneBeacon America Insurance Company ("OneBeacon")[1] moves this Honorable Court to enter Summary Judgment in its favor and against the Plaintiff, Specialty National Insurance Company ("Specialty National"). OneBeacon moves this Court to enter Summary Judgment with respect to Counts I (Equitable Subrogation) and II (Declaratory Judgment) against Specialty National as asserted in the Complaint and in favor of OneBeacon on its Counterclaim for equitable subrogation. OneBeacon states that there are no genuine issues of material fact and that it is entitled to summary judgment as a matter or law.

---

[1] At all relevant times, Commercial Union Insurance Company, now known as OneBeacon America Insurance Company, had in effect a Commercial Automobile Insurance Policy which provided certain coverages to Jerry McMillan Professional Tree Service, Inc. OneBeacon originally denied Plaintiff's allegations as to OneBeacon Insurance Company in its Answer filed January 12, 2005. See Answer, ¶12. As such, Plaintiff continues to assert claims against an improperly named defendant.

1

## CONCISE STATEMENT OF UNDISPUTED MATERIAL FACTS
## PURSUANT TO LOCAL RULES 7.1(B)(1) AND 56.1

1. On or about January 9, 2002, Marcia Rhodes ("Rhodes") was seriously injured when a tractor-trailer driven by Carlo Zalewski rear-ended her stopped vehicle on Route 109 in Medway, Massachusetts. Complaint, ¶5; Answer and Counterclaim, ¶5.

2. Rhodes had stopped her car at the direction of the Medway police office who was directing traffic at a location where roadside tree removal work was being conducted by Jerry McMillan Professional Tree Service ("McMillan"). Complaint, ¶6; Answer and Counterclaim, ¶6.

3. At the time of the accident, an employee of McMillan was grinding a tree stump using a stump grinder attached to a pickup truck. Complaint, ¶7; Answer and Counterclaim, ¶7.

4. On or about February 21, 2002, McMillan was put on notice by GAF Building Materials that a lawsuit would likely be filed and that McMillan would likely be brought in as a defendant. A copy of the February 21, 2002, letter is attached hereto as Exhibit "A".

5. McMillan thereafter notified his insurance agent of the February 21, 2002, letter.

6. On March 13, 2002, Network Adjusters, Inc., the third party claims administrator for Specialty National, took over the handling of the Rhodes claim. The letter contains no reservation of rights. A copy of the March 13, 2002, letter is attached hereto as Exhibit "B".

7. On or about July 12, 2003, Rhodes and others filed a Complaint in the Norfolk Superior Court, entitled Marcia Rhodes, et al v. Carlo Zalewski, Driver Logistics, Penske Truck Leasing Corp., and GAF Building Materials Corp., C.A. No.: 02-01159A ("Underlying Action"), in which it was alleged that the defendants were negligent. Complaint, ¶8; Answer and Counterclaim, ¶8.

8. On or about October 20, 2003, defendants Carlo Zalewski and Driver Logistics filed a Third Party Complaint against McMillan seeking contribution for failing to "provide any markers, warning signs and traffic control devices" which lead, in whole or in part, to the Rhodes accident. A copy of the Third Party Complaint, ¶22, is attached hereto as Exhibit "C". See also a copy of the Docket, Paper No. 26, attached hereto as Exhibit "D".

9. McMillan, through its insurance company, notified its Insurer, Specialty National of the Third Party Complaint.

10. Specialty National thereafter retained counsel for McMillan and undertook to provide its defense without a reservation of rights. Complaint, ¶14; Answer and Counterclaim, ¶14.

11. On or about December 13, 2003, counsel retained by Specialty National, on behalf of McMillan filed its Answer. See Exhibit "D", Paper No. 31.

12. On or about June 15, 2004, McMillan's counsel notified OneBeacon, again without reserving its rights, of the potential that allegations asserted *may* implicate McMillan's business auto policy with OneBeacon and requested that OneBeacon "participate in the defense of the same." A copy of the June 15, 2004, letter is attached hereto as Exhibit "E".

13. On or about June 25, 2004, Network Adjusters wrote to McMillan requesting that it notify OneBeacon on the Rhodes claim. A copy of the June 25, 2004, letter is attached hereto as Exhibit "F".

14. On or about July 12, 2004, Network Adjusters notified OneBeacon for the first time that it believed OneBeacon's business auto policy provided coverage for the third party claims. A copy of the July 12, 2004, letter is attached hereto as Exhibit "G".

15. On August 5, 2004, OneBeacon, without an admission on its part that it had an obligation to defend or to indemnify McMillan, agreed to participate in the defense of the third party claims and to pay one-half of the defense costs incurred from and after receipt of the June 25, 2004, letter. A copy of the August 5, 2004, letter is attached hereto as Exhibit "H".

16. Network Adjusters still did not object or assert a reservation of rights and Specialty National's retained counsel continued to defend McMillan.

17. On or about August 11, 2004, Specialty National and OneBeacon, in addition to the other parties by and through their representatives and insurers, attended a scheduled mediation to explore the potential for settlement.

18. On or about August 17, 2004, Specialty National and OneBeacon funded a settlement of the third-party claims against McMillan by each of them contributing $275,000, totaling $550,000 in settlement to the Plaintiffs.

19. At this same time, the parties entered into discussions between representatives of Specialty National and OneBeacon regarding certain reservations of rights and the reservation of the right to seek reimbursement, each from the other, however, Specialty National never executed a written document with respect to these potential reservations. Answer and Counterclaim, §17.

20. On or about August 20, 2004, McMillan filed an Emergency Motion for Entry of Separate and Final Judgment on behalf of McMillan. See Exhibit "D", Paper No. 62.

21. On or about August 27, 2004, McMillan's Motion was allowed by J. Donovan. See Exhibit "D", Paper No. 70.

22. On or about September 28, 2004, Judgment entered in favor of McMillan. See Exhibit "D", Paper No. 96.

23.     On or about October 28, 2004, Specialty National filed its Complaint in this action seeking Equitable Subrogation (Count I) and Declaratory Judgment (Count II) seeking reimbursement of all sums paid for the defense of and indemnity on behalf of McMillan. Complaint, ¶¶18-24.

24.     On or about January 12, 2005, OneBeacon filed an Answer and Counterclaim asserting its own claim for equitable subrogation.

25.     Specialty National undertook to defend and controlled the defense of McMillan from March 13, 2002 through settlement of this matter without a reservation of rights. (Exhibit "B").

26.     At all material times, McMillan was insured under a general liability policy of insurance issued by Specialty National Insurance Company ("Specialty National"), Policy No. 3XZ138766-00 and a commercial automobile policy issued by OneBeacon Insurance Company ("OneBeacon")[2], Policy No. CBXA05979. Complaint, ¶¶10, 12; Answer and Counterclaim, ¶¶10, 12; See also a copy of the OneBeacon Commercial Automobile Insurance Policy attached hereto as Exhibit "I" and the Specialty National Commercial General Liability Insurance Policy attached hereto as Exhibit "J".

27.     OneBeacon's Commercial Automobile Insurance Policy provided coverage of:

> [A]ll sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

See Exhibit "I", Form CA 00010797, §II(A).

28.     OneBeacon's Commercial Automobile Insurance Policy further provides a subrogation clause which states, in relevant part:

---

[2] Formerly known as Commercial Union Insurance Company.

5

> "If any person or organization to or for whom we make payment under the Coverage Form has rights to recover damages from another, those rights are transferred to us."

See Exhibit "I", Form CA 00010797, §IV(A)(5).

29.     Specialty National's Commercial General Liability Insurance Policy provided coverage of:

> [T]hose sums that the insured becomes legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies. We will have the right and duty to defend the insured against any suit seeking those damages.

See Exhibit "J", CG 00 01 07 98, § 1(a).

OneBeacon submits the following in support of this Motion:

1.     OneBeacon's Concise Statement of Undisputed Material Facts and Supporting Authorities Pursuant to Local Rules 7.1(B)(1) and 56.1;

2.     OneBeacon's Memorandum in Support of Defendant's Motion for Summary Judgment;

3.     OneBeacon's Certification Pursuant to Local Rule 7.1(A)(2); and

4.     Affidavit of Randy J. Spencer.

WHEREFORE, OneBeacon requests that this Honorable Court:

(1)     Declare that OneBeacon Insurance Company's Policy No. CBXA05979 was not primarily liable to provide coverage to Jerry McMillan Professional Tree Service, Inc. in connection with the civil action entitled <u>Marcia Rhodes, et al v. Carlo Zalewski, et al.</u>, C.A. No.: 02-01159A (Norfolk Superior Court, Dedham, Massachusetts);

(2) Declare that Specialty National Insurance Company's Policy No. 3XZ138766-00 was primarily obligated to provide coverage to Jerry McMillan Professional Tree Service, Inc. in connection with the civil action entitled <u>Marcia Rhodes, et al v. Carlo Zalewski, et al.</u>, C.A. No.: 02-01159A (Norfolk Superior Court, Dedham, Massachusetts);

(3) Declare that OneBeacon Insurance Company is entitled to equitable subrogation from Specialty National Insurance Company in the amount of $275,000 in connection with the settlement reached in the Underlying Action;

(4) Enter Judgment in favor of OneBeacon and against Specialty National in the amount of $275,000.

(5) Such other relief as this Court deems proper and just.

## REQUEST FOR HEARING

OneBeacon Insurance Company hereby request a hearing on the issues presented in this Motion.

Respectfully submitted,
**ONEBEACON INSURANCE COMPANY**,
By its Attorneys,

_/s/ Peter G. Hermes_
Peter G. Hermes, BBO #231840
Randy J. Spencer, BBO #653879
HERMES, NETBURN, O'CONNOR &
SPEARING, P.C.
265 Franklin St., Seventh Floor
Boston, MA 02110
(617) 728-0050
(617) 728-0052 (F)

Dated: January 10, 2006.

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of January, 2006, the foregoing documents were served by first class mail upon the following:

Robert P. Powers, Esq.
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775

Randy J. Spencer

G:\DOCS\RJS\OBI\Specialty Nationa Ins. v. OBI (McMillan Tree)\Pleadings\Mot for Summ Jgmt.doc