COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.  SUPERIOR COURT
CIVIL ACTION NO.: 02-01159A

|  |  |
|---|---|
| MARCIA RHODES, HAROLD RHODES, INDIVIDUALLY, HAROLD RHODES, ON BEHALF OF HIS MINOR CHILD AND NEXT FRIEND, REBECCA RHODES, Plaintiffs | ) ) ) ) ) ) ) |
| v. | ) ) |
| CARLO ZALEWSKI, DRIVER LOGISTICS SERVICES, INC. PENSKE TRUCK LEASING CORP., and BUILDING MATERIALS CORP. OF AMERICA, d/b/a GAF MATERIALS CORP., Defendants | ) ) ) ) ) ) ) |
| v. | ) ) |
| TOWN OF MEDWAY, and JERRY MACMILLIAN'S PROFESSIONAL TREE SERVICE, INC. Third-Party Defendants | ) ) ) ) ) ) ) |

### THIRD PARTY COMPLAINT OF THE DEFENDANTS, CARLO ZALEWSKI AND DRIVER LOGISTICS SERVICES, INC.

#### PARTIES

1. The Defendant and Third Party Plaintiff, Carlo Zalewski is an individual residing at 50 Beacon Light Avenue, Keansburg, New Jersey. On January 9, 2002, Carlo Zalewski was employed by Defendant Driver Logistics Services, Inc. A copy of the plaintiffs' complaint is attached hereto as "Exhibit A."

2. The Defendant and Third Party Plaintiff, Driver Logistics Services, Inc. (hereinafter "Drivers Logistics") upon information and belief, is incorporated in Kentucky, with a usual place of business at 134 Main Street, West Springfield, Massachusetts. Driver

1045567v1

Logistics is a professional driver leasing and transportation management company. Upon information and belief, Driver Logistics leased Defendant Zalewski's services to GAF Materials Corp.

3. The Third Party Defendant, Town of Medway is a municipality within the Commonwealth of Massachusetts.

4. The Third Party Defendant, Jerry MacMillian Professional Tree Service, Inc. (hereinafter "MacMillian") is upon information and belief, incorporated in Massachusetts, and in the business of performing various tree-related services, including stump grinding.

## FACTS

5. This is an action in which the Plaintiff alleges that she suffered personal injuries as a result of a motor vehicle accident on January 9, 2002 at the intersection of Milford Street (Rte. 109) and Trotter Drive in the Town of Medway.

6. The Plaintiff filed suit in which she named Carlo Zalewski, Driver Logistics, Penske Truck Leasing Corp., and Building Materials Corp. of America d/b/a GAF Materials Corp., as defendants.

7. The Town of Medway provided Officer Boultenhouse as a police detail to direct traffic at all of MacMillian's assigned worksites that day.

8. Officer Boultenhouse did not place warning signs or markers anywhere at the work site.

9. MacMillian was engaged in removing stumps along the side of the road according to its contract with the Town of Medway.

10. Officer Boultenhouse was required to ensure the safety of motorists and pedestrians in the work area, as traffic was reduced to one lane.

11. It is the Town of Medway's policy whenever there is any tree work being done on a public way to have a police officer there to direct traffic around the work area and ensure the safety of the work crew and motorists.

12. There were no warnings, signs, or traffic control devices being used at the time of the accident, in violation of 454 C.M.R. 10 referencing the Manual on Uniform Traffic Control Devices for Streets and Highways (MUTCD), and specifically, 454 C.M.R. 10.02(3) and 10.47, which require use of signage and other warnings at all times in such work areas.

13. On January 9, 2002, it was the responsibility of MacMillian to place warning signs at the worksite on Route 109.

14. MacMillian failed to place any warning signs or temporary traffic control signs at the worksite on Route 109 on January 9, 2002.

15. Mr. Dolloff witnessed MacMillian putting out signs warning of the work zone on jobs prior to the January 9, 2002 job.

16. The Town of Medway was responsible for providing a police detail and adequately warning drivers of dangers through use of temporary traffic control signs, etc., as provided for in the terms of the Town of Medway's Policies and Procedure No.-603 on Traffic Safety.

### COUNT I: CONTRIBUTION
(Town of Medway)

17. The defendants/third-party plaintiffs reassert and reallege the allegations contained in paragraphs one (1) through sixteen (16) above as if the same were fully set forth and incorporated herein.

18. In the event that the defendants/third-party plaintiffs, Carlo Zalewski and Drivers Logistics Services, Inc. are held liable for the plaintiffs' injuries, the defendants/third-party plaintiffs claim that the third-party defendant, Town of Medway is a joint tortfeasor.

WHEREFORE, defendants/third-party plaintiffs, Carlo Zalewski and Drivers Logistics Services, Inc. are entitled to contribution pursuant to M.G.L. 231B, 51 *et seq* and demand judgment against the Town of Medway in the full amount of the Town of Medway's pro rata share.

### COUNT II: CONTRIBUTION
(Jerry MacMillian Professional Tree Service, Inc.)

19. The defendants/third-party plaintiffs reassert and reallege the allegations contained in paragraphs one (1) through eighteen (18) above as if the same were fully set forth and incorporated herein.

20. If the plaintiffs suffered injuries or otherwise sustained damages, said injuries or damages were caused wholly or in part by the actions of the third-party defendant.

21. Jerry MacMillian Professional Tree Service, Inc. had a duty to provide markers, warning signs, and traffic control devices on the worksite adjacent to Route 109.

22. On January 9, 2002, Jerry MacMillian Professional Tree Service, Inc. failed to provide any markers, warning signs, and traffic control devices.

23. In the event that the defendants/third-party plaintiffs, Carlo Zalewski and Drivers Logistics Services, Inc. are held liable for the plaintiffs' injuries, the defendants/third-

1045567v1

0803388 29-Sep-03 09:15A

party plaintiffs claim that the third-party defendant, Town of Medway is a joint tortfeasor.

**WHEREFORE,** defendants/third-party plaintiffs, Carlo Zalewski and Drivers Logistics Services, Inc. are entitled to contribution pursuant to M.G.L. 231B, 51 et seq and demand judgment against MacMillian in the full amount of MacMillian's pro rata share.

Respectfully submitted,
CARLO ZALEWSKI AND DRIVER LOGISTICS,
By their attorneys,

Lawrence F. Boyle BBO#052680
MORRISON, MAHONEY & MILLER
250 Summer Street
Boston, MA 02210
(617) 439-7500

1045567v1