# NETWORK ADJUSTERS, INC

• CLAIMS ADMINISTRATION • ADJUSTERS • INVESTIGATORS

6400 SOUTH FIDDLER'S GREEN CIRCLE, SUITE 1950 • ENGLEWOOD, COLORADO 80111  PHONE 720-529-9344  FAX 720-529-9345

Certified Mail Return Receipt Requested

June 25, 2004

Mr. Jerry McMillan
Jerry McMillan Professional Tree Service
101 Thomas Street
Ashland, MA 01721

    Re:    Rhodes v. Zalewski
             Contribution Claim By Zalweski against McMillan
             Specialty National Claim No. K1-004792

Dear Mr. McMillan:

      Network Adjusters, Inc is the authorized claim administrator for Specialty National Insurance Company. Specialty National Insurance Company has been reviewing the availability of insurance coverage for this matter under the terms of the general liability insurance policy it issued to your company. Please be advised that we have determined that coverage for the contribution claim being made against you by Mr. Zalewski and his employer may not be available under Specialty National's general liability policy because it arises out of operations closely related to the use of an automobile. Rather, it appears that this claim is more properly handled under your motor vehicle insurance coverage with One Beacon.

      Specialty National understands that the subject accident happened on January 9, 2002. You were engaged in stump grinding operations on Route 109 in and for the town of Medway, Massachusetts. You were using a Ford F-350 pick-up truck with a stump grinder attached by means of a trailer hitch. You were using the pick-up truck to move the grinder to each of the several locations on Route 109 where you were to grind a stump. You regularly used the pick-up truck to transport the stump grinder. The grinder does not need to be disconnected from the truck in order to position it for grinding operations. At the time of the accident, the truck was parked along the side of Route 109 and you were engaged in grinding operations. The pick-up truck was straddling the travel line. Medway Police Officer William Boultenhouse was present as a traffic control officer, and was directing Route 109 traffic around the pick-up truck and stump grinder. He directed Ms. Rhodes to stop her vehicle, which she did. Mr. Zalewski, operating a tractor-trailer rig behind her did not stop, and rear-ended Ms. Rhodes.

      Specialty National Insurance Company issued Commercial General Liability Insurance Policy Number 3XZ138766-00 to Jerry McMillan Professional Tree Service for the policy period 9/21/01 through 9/21/02. The policy contains an occurrence and aggregate limit of $1,000,000.00.

The insuring agreement contained in the policy provides that Specialty National "will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies." However, Policy Exclusion 2(g) states that the insurance does not apply to bodily injury "arising out of the ownership, maintenance, use or entrustment to others of any aircraft, auto or watercraft owned or operated by or rented or loaned to any insured."

      The intent of Exclusion 2(g) is to exclude coverage for risks better addressed by motor vehicle insurance. Under Massachusetts law, the phrase "arising out of" is broadly construed in a policy exclusion such as this and is considered synonymous with "originate" or "come into being." Based upon the facts presented to Specialty National, it appears that the claim being made against you originates

*THE NETWORK ADVANTAGE*

from activities related to the use of the F-350 pick-up truck; in particular its use to transport the stump grinder and the fact that it was parked along Route 109 and partially obstructing traffic during the stump grinding operation. Insofar as a causal connection is reasonably apparent between the use to which the vehicle was being put and the alleged injury, we feel that the claim being made is fairly excluded by Exclusion 2(g), and is more appropriately handled under your motor vehicle insurance.

As you are aware, Specialty National has been involved in providing for your defense against the contribution claim, and has denied that McMillan Professional Tree Service bears any legal liability for the injuries sustained by Ms. Rhodes and her family. Specialty National believes this to be true based upon the facts presented to it. Despite this involvement and our belief that McMillan is not liable for contribution, it is our belief that coverage will be ultimately excluded under the terms of our policy by Exclusion 2(g). We believe that coverage for this matter is more properly found under the terms of your motor vehicle insurance policy. We understand that One Beacon is your motor vehicle insurer, and we have written to it regarding this issue. A copy of this letter is enclosed. If you have not already formally reported this claim to One Beacon, we encourage you to do so immediately and to provide it with whatever information it needs to respond to the matter. Specialty National would happy, to the extent that it can, to assist you or your personal counsel in transitioning this claim to One Beacon.

If you have any questions about our coverage position, please do not hesitate to call.

Sincerely,

Moira Malany