

## NETWORK ADJUSTERS, INC

• CLAIMS ADMINISTRATION • ADJUSTERS • INVESTIGATORS

6400 SOUTH FIDDLER'S GREEN CIRCLE, SUITE 1950 • ENGLEWOOD, COLORADO 80111 PHONE 720-529-9344 FAX 720-529-9345

Sent Via FAX 888-212-0672 and Regular Mail

Ms. Donna Capozzoli
Supervisor
One Beacon Insurance
P.O. Box 712
Foxboro, MA. 02035

Re: *Rhodes v. Zalewski*
Norfolk County Superior Court Civil Action No. 02-01159A
Insured: Jerry MacMillan Professional Tree Service
Claim # K14-009722
One Beacon Policy No CBXA05979
One Beacon Claim No. OBL05034Y

Dear Ms. Capozzoli:

Network Adjusters, Inc is the authorized third party claims administrator for Specialty National Insurance Company

Jerry MacMillan Professional Tree Service ("MacMillan") has been sued for contribution by Carlos Zalewski and his employer, Driver Logistics Services, Inc. in a lawsuit brought against them by Marcia Rhodes and her family. Copies of this third-party complaint and the underlying complaint are enclosed. Ms. Rhodes was permanently paralyzed on or about January 9, 2002 after her vehicle was struck from behind by a truck driven by Mr. Zalewski. Mr. Zalweski and DLS allege that Ms. Rhodes' injuries were caused in whole or part by MacMillan, and that it is jointly liable in tort.

Specialty National Insurance Company issued a general liability Policy No. 3XZ138766-00 to MacMillan for the period September 21, 2001 to September 21, 2002. We understand that at the time of the accident One Beacon had issued its motor vehicle Policy No. CBXA05979 to MacMillan. Please be advised that Specialty National believes that coverage for the contribution claim is not properly available under its general liability policy because it arises out of the ownership and use of a motor vehicle. Rather, it appears that coverage should be provided under the motor vehicle policy that One Beacon issued to MacMillan. Under Massachusetts law, an injury "arises out of" the use of a vehicle within the provisions of a motor vehicle insurance policy when a causal connection is reasonably apparent between the use to which the vehicle is being put and the resulting injury. *Ruggerio Ambulance Service, Inc. v National Grange Mutual Insurance Company*, 430 Mass. 794 (2000).

T-FILED
7-7-2004
DATE

*THE NETWORK ADVANTAGE*

Jerry MacMillan Prof. Tree 1-9-2002

In this case, MacMillan was asked by the Town of Medway to grind several stumps along Route 109. It was using its Ford F350 pick-up truck with a stump-grinder attached by trailer-hitch. The accident happened while MacMillan had stopped the vehicle to grind a stump. The vehicle appears to have been partly on the roadway. Mr. Zalewski contends that MacMillan did not properly place warning signs to alert him about this obstruction. Under Massachusetts law, "use" of an automobile is not confined to motion on a highway, but extends to any activity in utilizing the insured vehicle in the manner intended or contemplated by the insured. See, e.g., *Tae v. Tae*, 57 Mass.App.Ct. 297 (2003). If MacMillan is found liable, its negligence will derive from its use of the pick-up truck to conduct the stump grinding operation and its parking of the vehicle adjacent to Route 109. Coverage is therefore implicated under the motor vehicle policy issued by One Beacon.

Please let us know immediately if your position with respect to coverage is any different than outlined in this letter. Specialty National has been involved in the defense of MacMillan in the several months since the contribution claim was filed last fall. We would like to arrange for a smooth transition to One Beacon, and are more than happy to provide you with all the materials that we have received to date regarding this claim. Please contact me at your earliest opportunity

Very truly yours,

Moira Malany