# OneBeacon
INSURANCE

August 5, 2004

VIA FACSIMILE 720-529-9345

Moira Malany, Claims Representative
Network Adjustors, Inc.
6400 South Fiddler's Green Circle
Suite 1950
Englewood, CO 80111

Re:  Insured:         J. McMillan Professional Tree Service, Inc.
     Suit:            Marcia Rhodes, et.al. v. Carlo Zalewski, et.al.
                      v. J. McMillan, et. al.
                      Norfolk S.Ct. 02-01159A
     One Beacon File: OBL05034Y
     Your File:       K14-009722

Dear Ms. Malany:

    I am in receipt of your letter of June 25, 2004. As you know, J. McMillan Professional Tree Service, Inc. (hereinafter "McMillan") is insured under a Massachusetts Business Auto policy issued by Commercial Union Insurance Company (hereinafter "OneBeacon"), policy number CBXA05979, with effective dates or August 18, 2001 to August 18, 2002. The policy provides, in pertinent part:

## SECTION II – LIABILITY COVERAGE

### A. Coverage

> We will pay all sums an "insured" must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

We now take the opportunity to comment on your coverage request, and to set forth OneBeacon Insurance Company's position with respect to your demand.

A review of the Complaint, Third Party Complaint and additional file material reveal the following facts. On or about January 9, 2002, at approximately 1:00 p.m., McMillan was engaged in stump removal on Route 109 in Medway, Massachusetts. McMillan was working along the eastbound lane of the road. McMillan had on site, a Ford pickup truck with a stump grinder attached by a trailer hitch. According to McMillan's deposition testimony, the vehicle was parked completely outside of the lane of travel. A police officer was present on site directing traffic. The police officer, Sergeant Boultenhouse, had stopped the traffic in the eastbound lane and a Toyota Corolla operated by Ms. Marcia Rhodes had come to a complete stop. A tractor trailer, operated by Carlo Zalewski, and traveling in the same easterly lane, failed to stop and contacted Ms. Rhode's vehicle in the rear causing it to be pushed into the woods. Ms. Rhodes was severely injured. Ms. Rhodes filed suit against Mr. Zalewski, his employer (on whose business he was engaged), and the owner of the tractor trailer. Mr. Zalewski and his employer, Driver Logistics Services, Inc., filed a Third Party Complaint against the Town of Medway and McMillan. The Third Party Complaint alleges that McMillan had a "duty to provide markers, warning signs, and traffic control devices on the worksite adjacent to Route 109." There are no allegations whatsoever in the Third Party Complaint that McMillan's motor vehicle caused or contributed to the accident.

The "question of the initial duty of a liability insurer to defend third-party actions against the insured . . . [consists] of envisaging what kinds of losses may be proved as lying within the range of the allegations of the Complaint, and then seeing whether any such loss fits the expectation of protective insurance reasonable generated by the terms of the policy." *Continental Casualty Co. v. Gilbane Construction Company*, 391 Mass. 143 (1984). If "the allegations of the Complaint are reasonably susceptible of an interpretation that they state or adumbrate a claim covered by the policy terms, the insurer must undertake the defense." *Id.* at 146 (quoting *Sterilite*, 17 Mass. App. Ct. at 316). The scope of a liability insurer's duty to defend is based on the facts alleged in the complaint and those facts which are known to the insurer. *Sullivan v. Utica Mutual Insurance Company*, 439 Mass. 387, 394, (2003).

The Third Party Complaint against McMillan is devoid of any reference to the motor vehicle or chipper that was in use at the time of this accident. McMillan has testified by deposition, and the fact that the motor vehicle was parked along the roadway was discussed solely as factual background. No party thus far has claimed that the placement of the motor vehicle had any causal connection to the injuries suffered by Ms. Rhodes. As the allegations levied

against McMillan are based on his error or omission in failing to warn, providing a defense or indemnity would be tantamount to converting the OneBeacon's policy to a general liability policy. Your principal, Specialty National Insurance Company, the general liability carrier for McMillan is the only policy that would or should respond under these circumstances. There are no other reasonable inferences to be drawn that would trigger the duty to defend or indemnify under the OneBeacon commercial automobile policy.

Further, the accident must arise out of the use and operation of the motor vehicle. In this case there simply is no causal connection between the accident and injury to Ms. Rhodes and the operation of the insured's vehicle. It is interesting that you rely on *Ruggerio Ambulance Service, Inc. v. Nat'l Grange Mutual Ins. Co.*, 430 Mass. 794 (2000). *Ruggerio* was a wrongful death action wherein the claimant alleged that the ambulance service was negligent when the first ambulance it dispatched was involved in an accident and a second ambulance had to be dispatched. The second ambulance arrived at the scene but the decedent had already stopped breathing. The Court did not consider the issue of "operation," as it was apparent, and dealt solely with the issue of whether the decedent's demise arose out of the ownership, maintenance and use of the automobile. The Court rejected the application of a "but for" standard. "For an injury to 'arise out of' an accident there must be a sufficiently close relationship between the injury and the accident." *Id. at 798* (quoting COUCH ON INSURANCE § 119:30 (3d ed. 1997)). The Court found no causal connection and denied indemnity under the policy. Similarly, there is no causal relation between Ms. Rhodes injuries and the operation of the motor vehicle insured under the OneBeacon policy.

Nevertheless, OneBeacon, without an admission on its part that it has either the obligation to defend or to indemnify the Insured, will agree to participate in the defense of the claims alleged in the Third Party Complaint and pay one-half of the defense costs incurred on behalf of the insured from and after the date of receipt of your June 25, 2004 letter. OneBeacon also will send representatives to monitor the August 11th mediation. However, OneBeacon, in doing so, is not agreeing to indemnify the Insured and specifically denies the existence of the obligation to defend or to indemnify the Insured in this matter. OneBeacon, if necessary, will commence a declaratory judgment action to obtain a judicial ruling concerning its lack of coverage for the claims asserted.

Please be advised that nothing set forth in this letter is to be construed as a waiver of relinquishment of any right or rights of OneBeacon Insurance Company, its agents, servants, employees, or attorneys, whether specified within this letter or not, and no act or acts of the OneBeacon Insurance Company, its agents, servants, employees, or attorneys is to be so construed.

Finally, please be advised that in issuing this response, OneBeacon Insurance Company has necessarily constrained itself to the information that you have provided, including, to a considerable extent, the Third Party Complaint. New or additional information could impact OneBeacon's decision in this matter, so I encourage you to provide such information to the extent that it exists. If there were new or different factual allegations, or Plaintiffs or Third Party Plaintiffs file an amended version of the Complaint or Third Party Complaint, then we would want to review that information. OneBeacon expressly reserves the right to amend or supplement this response, or to issue a further response, based upon the discovery of new or additional information.

Very truly yours,

Mamnoon Khan

cc: Stephen J. Duggan, Esquire
Lynch & Lynch (Fax No. 508-230-2510)

Corcoran & Havlin Insurance Group
(Fax No. 781-235-7190)

Mr. Jerry McMillan
J. McMillan Professional Tree Services, Inc.