UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPECIALTY NATIONAL INSURANCE COMPANY,<br><br>          Plaintiff,<br><br>-vs-<br><br>ONEBEACON INSURANCE COMPANY,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)          Civil Action No. 04-12306RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION OF SPECIALTY NATIONAL TO THE DEFENDANT'S SUMMARY JUDGMENT MOTION, CROSS MOTION FOR SUMMARY JUDGMENT, REPLY TO DEFENDANT'S CONCISE STATEMENT OF UNDISPUTED FACTS, AND ADDITIONAL STATEMENT OF UNDISPUTED FACTS**

Pursuant to the provisions of Rule 56 of the Federal Rules of Civil Procedure, Specialty National Insurance Company ("Specialty National") opposes the motion for summary judgment submitted by OneBeacon Insurance Company ("OneBeacon") and cross-moves for summary judgment on the claims contained in its complaint. This case involves the interpretation of two insurance policies. The interpretation of insurance policies present a question of law and thus is amenable to resolution by means of summary judgment.

The material facts are undisputed. OneBeacon issued a policy of motor vehicle insurance to McMillan Tree Service. Specialty National issued McMillan a policy of general liability insurance. McMillan was sued in a case arising from a motor vehicle accident, and the theory against it was that it had failed to provide adequate warnings that its motor vehicle was impeding travel on the roadway. These facts warrant the conclusion that OneBeacon should provide coverage for the underlying claim because it arose from a motor vehicle accident reasonably related to

McMillan's operation and use of a vehicle that it insured.  For the reasons outlined in the accompanying memorandum, OneBeacon's motion for summary judgment should be denied and the Court should enter summary judgment in favor of Specialty National.

Reply to OneBeacon's Statement of Undisputed Material Facts
Pursuant to Local Rules 7.1(B)(1) and 56.1

1.    Agreed.

2.    Agreed.

3.    Agreed.

4.    Agreed.

5.    Disagree that this is a material fact bearing on the issues raised in this case.

6.    Admit that the letter is authentic, but disagree that this is a material fact bearing on the issues raised in this case.

7.    Agreed.

8.    Agreed.

9.    Agreed, but disagree that this is a material fact bearing on the issues raised in this case.

10.    Agreed, but disagree that this is a material fact bearing on the issues raised in this case.

11.    Agreed, but disagree that this is a material fact bearing on the issues raised in this case.

12.    Agreed, but disagree that this is a material fact bearing on the issues raised in this case.

13.    Admit that the letter is authentic, but disagree that this is a material fact bearing on the issues raised in this case.

14.    Disagree that this is a material fact bearing on the issues raised in this case.

15.    Agreed, but disagree that this is a material fact bearing on the issues raised in this case.

16.    Denied.  See OneBeacon Exhibit F.

17.     Agreed.

18.     Agreed.

19.     Disagree.    OneBeacon and Specialty National reached agreement to split the costs of

settlement and reserve rights to reimbursement from the other.  See Exhibit C, hereto.

20.     Agreed, but disagree that this is a material fact bearing on the issues raised in this case.

21.     Agreed, but disagree that this is a material fact bearing on the issues raised in this case.

22.     Agreed.

23.     Agreed.

24.     Agreed.

25.     Denied.  See OneBeacon Exhibit F.

26.     Agreed.

27.     Agreed, but the policy speaks for itself.

28.     Agreed, but the policy speaks for itself.

29.     Agreed, but the policy speaks for itself.

Specialty National's Additional Statement of Undisputed Material Facts
Pursuant to Local Rules 7.1(B)(1) and 56.1

1.     Ms. Rhodes stopped her vehicle at the request of a Medway Police Officer, William

Boultenhouse, who was directing traffic at or near the intersection of Route 109 and Trotter

Drive.  (Deposition of Marcia Rhodes dated 8/4/04, attached hereto as Exhibit A, p. 51, 12-

23; p. 52, 1-5).

2.     Officer Boultenhouse was assigned to detail duty by the Town of Medway in order to direct

traffic around stump grinding work being performed by Jerry McMillan Professional Tree

Service, Inc. ("McMillan"). (Deposition transcript of Jerry McMillan dated 7/16/03 attached

hereto as Exhibit B, p. 36, 12-17; p. 37, 1-9).

3.    The equipment used by McMillan to perform the requested service was a Ford F350 pick-up truck with a stump grinder attached by means of a trailer hitch. (Exhibit B, p. 30, 16-24; p. 31, 1-6; p. 47, 8-10, 22-24; p. 48, 1-4).

4.    The stump grinder is pulled behind the truck like a trailer. (Exhibit B, p. 47, 22-24; p. 48, 1-4; p. 49, 2-4).

5.    The stump grinder machine stays on the back of the pick-up truck like a trailer, and is not disconnected during the job.  (Exhibit B, p. 49, 2-4).

6.    The stump grinder machine is hooked up to the truck by safety chains and a pindle hook. It dovetails off the back of the pick-up truck.  (Exhibit B, p. 49, 2-14).

7.    The pick-up truck and the grinder are all together. (Exhibit B, p. 99, 4-9).

8.    To grind a stump, McMillan pulled the Ford F350 up past the stump and backed the entire vehicle, including the attached stump grinder, up to the tree stump. (Exhibit B, p. 49, 15-18).

9.    Prior to the crash, McMillan had moved his pick-up truck four times during the process of removing and grinding other stumps in the area. (Exhibit B, p. 75, 2-9).

10.    McMillan had just backed up the pick-up truck and grinder to a stump and had been working on it for approximately three minutes before the crash. (Exhibit B, p. 66, 14-18; p. 69, `21-24).

11.    The terms under which OneBeacon and Specialty National jointly funded a settlement of the claims against McMillan were outlined in a letter drafted by One Beacon Counsel Peter Hermes.  See Exhibit C.

WHEREFORE, Specialty National requests that this Honorable Court:

1.    Declare that OneBeacon Insurance Company's Policy No. CBXA05979 is primarily liable

to provide insurance coverage to Jerry McMillan Professional Tree Service, Inc. in connection with the civil action entitled *Rhodes v. Zalewski*, Norfolk Superior Court Civil Action No. 02-01159A;

2.    Declare that Specialty National is entitled to equitable subrogation from OneBeacon in the amount of $275,000 in connection with agreement they reached in connection with the settlement of the Underlying Action;

3.    Enter judgment in favor of Specialty National and against OneBeacon in the amount of $275,000 plus interest; and,

4.    Afford such other relief as this Court deems proper and just.

REQUEST FOR A HEARING

Specialty National respectfully requests a hearing on the issues presented by this opposition and cross-motion.

SPECIALTY NATIONAL INSURANCE COMPANY

By its attorney,

/s/ *Robert P. Powers*
Robert P. Powers, BBO No.544691
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109
(617) 523-6200
rpowers@melicklaw.com

Dated: January 24, 2006