UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPECIALTY NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>ONEBEACON INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-12306 RCL<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT ONEBEACON INSURANCE COMPANY'S REPLY BRIEF TO SPECIALTY NATIONAL INSURANCE COMPANY'S OPPOSITION TO DEFENDANT'S SUMMARY JUDGMENT MOTION**

OneBeacon Insurance Company ("OneBeacon") files this Reply Brief to the Opposition of Specialty National to the Defendant's Summary Judgment Motion ("Opposition") and Memorandum of Specialty National Insurance Company in Opposition to the Defendant's Summary Judgment Motion ("Memorandum") to address and clarify the document submitted as Exhibit C to Specialty National's Opposition to Defendant's Summary Judgment Motion. As stated in OneBeacon's Concise Statement of Undisputed Material Facts Pursuant to Local Rules 7.1(B)(1) and 56.1:

18.  On or about August 17, 2004, Specialty National and OneBeacon funded a settlement of the third-party claims against McMillan by each of them contributing $275,000, totaling $550,000 in settlement to the Plaintiffs.

19.  At this same time, the parties entered into discussions between representatives of Specialty National and OneBeacon regarding certain reservations of rights and the reservation of the right to seek reimbursement, each from the other, however,

Specialty National never executed a written document with respect to these potential reservations. Answer and Counterclaim, §17.

These statement were and are true.

Specifically, the August 17, 2004 Email from Peter G. Hermes to Robert Powers states "[a]ttached is a *proposed* letter agreement between the insurers. Please comment." (See Exhibit C to Opposition)(emphasis added). The draft letter agreement from Peter G. Hermes states:

> I believe this letter sets forth the terms of the agreement between our respective clients concerning this matter. If it does, *please advise me in writing* as promptly as possible of its acceptance of these terms. If it does not, please advise me of such modifications as you believe are appropriate.

(See Exhibit C)(emphasis added). Specialty National never executed the written document accepting the terms of the proposed agreement with respect to the potential reservations.

At most, the draft letter agreement provided Specialty National and OneBeacon the right to attempt to recover the monies contributed by each to the settlement with the Plaintiff on behalf of McMillan. Nothing more. As set forth more fully below, the draft letter agreement did not revive any rights of Specialty National or waive any defenses of OneBeacon.

## ARGUMENT IN REPLY

I.  THE DRAFT LETTER AGREEMENT PROPOSED TO SET FORTH ONLY THOSE RIGHTS THAT SPECIALTY NATIONAL AND ONEBEACON HAD AS OF THE DATE OF THE SETTLEMENT AND IT DID NOT REVIVE SPECIALTY NATIONAL'S PREVIOUS OBLIGATION TO RAISE A COVERAGE DISPUTE

Assuming arguendo, for the purposes of summary judgment only, that this Court finds a valid and enforceable letter agreement, Specialty National's reliance upon it somehow to revive its right to disclaim coverage is wholly misplaced. The letter agreement afforded Specialty National and OneBeacon an avenue to pursue only those rights each had against the other at the

time of settlement. It did not create new rights for Specialty National or limit OneBeacon's previously available defenses. As the letter agreement states:

> No action by either Specialty National or OneBeacon in connection with the settlement with the Plaintiffs will limit, restrict or constitute a waiver or any rights or defenses which each may have with respect to the other ....

(See Exhibit C, ¶3).

Clearly, the letter agreement did not relieve Specialty National of any estoppel arising as a result of its prior actions in undertaking the defense of McMillan without a reservation of rights. Specialty National's attempt to circumvent the valid estoppel issue argued by OneBeacon in its Memorandum In Support Of Its Motion for Summary Judgment is unavailing.

## CONCLUSION

As set forth in OneBeacon's Memorandum In Support Of Its Motion for Summary Judgment, Specialty National is estopped from denying coverage under its general liability policy as a result of its unreasonable and inexcusable delay in asserting an exclusion defense. Specialty National's attempt to rely upon the letter agreement to revive its prior obligation to raise a coverage defense should be ignored.

Respectfully submitted,
**ONEBEACON INSURANCE COMPANY,**
By its Attorneys,

/s/ Randy J. Spencer
Peter G. Hermes, BBO #231840
Randy J. Spencer, BBO #653879
HERMES, NETBURN, O'CONNOR &
    SPEARING, P.C.
265 Franklin St., 7th Fl.
Boston, MA 02110
(617) 728-0050
Dated: February 1, 2006         (617) 728-0052 (F)

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) as follows:

Robert P. Powers, Esq.
Melick, Porter & Shea, LLP
One Beacon Street
Boston, MA 02109

                                                  /s/ Randy J. Spencer
                                                  Randy J. Spencer