UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SPECIALTY NATIONAL INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> ONEBEACON INSURANCE COMPANY, <br><br> Defendant. | Civil Action No. 04-12306 RCL |

### ONEBEACON INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S REQUEST FOR A STAY PENDING APPEAL

OneBeacon Insurance Company ("OneBeacon") files this Opposition to Specialty National Insurance Company's ("Specialty National") Request for a Stay Pending Appeal ("Request") to address Specialty National's prayers for relief requested therein. Specifically, OneBeacon opposes Specialty National's attempt to prevent the issuance of the writ of execution and avoid the supersedeas bond requirement pending appeal.

### BACKGROUND

1. On May 10, 2006, Judgment in a Civil Case ("Judgment") entered in the above action in favor of OneBeacon.

2. On May 16, 2006, OneBeacon filed its request that a Writ of Execution issue in conformity with Judgment in the amount of Three Hundred Twenty-Four Thousand, Eight Hundred Six and 27/100 ($324,806.27) Dollars, excluding post judgment interest.

3. On May 24, 2006, Specialty National filed its Opposition to OneBeacon's Motion for Writ of Execution and For a Stay Pending Appeal ("Opposition").

4. In its Opposition, Specialty National requests this Honorable Court:

   a) Deny OneBeacon's request for issuance of a writ of execution.

   b) Issue a stay pending appeal without a requirement of a supersedeas bond; or

   c) Require only a bond for the costs of appeal as condition to the issuance of a stay pending appeal; or

   d) Issue a stay conditioned upon the posting of a supersedeas bond in an amount established by the Court.

As set forth more fully below, Specialty National's arguments in support of its prayers for relief have failed to meet the standards necessary to deny the issuance of a writ of execution or to limit the posting of a supersedeas bond in an amount less than specified in Local Rule 62.2.

## ARGUMENT

### I. SPECIALTY NATIONAL'S CONTENTION THAT IT HAS VALID GROUNDS FOR APPEAL ARE IRRELEVANT TO THE ISSUE AS TO WHETHER A WRIT OF EXECUTION SHOULD ISSUE

In support of its Opposition, Specialty National argues that it has "substantial grounds for relief" based on a mistaken assumption of the Court. This, however, is irrelevant to whether a writ of execution should issue. Pursuant to the Fed. R. Civ. P. 69(a), a writ of execution is the "process to enforce a judgment for the payment of money…." The contention that there exists valid grounds for appeal do not invalidate a judgment or prevent the further pursuit to enforce it. See Chicago, M. & St. P. Ry. Co. v. State of Minn., ex rel. R.R. & Warehouse Com'n, 134 U.S. 418, 461 (1890) (an appeal shall not operate to stay the order of the court, or the execution of any writ thereon, unless directed by the court hearing or deciding the case directs); Kitchen v. Randolph, 93 U.S. 86, 89 (1876) (the giving of a bond is made the condition of the stay).

Specialty National's request that this Court deny the issuance of the writ of execution seeks inappropriate and improper relief in the absence of the posting of a bond.

II. SPECIALTY NATIONAL'S SOLVENCY IS UNCERTAIN REQUIRING, PURSUANT TO LOCAL RULE 62.2, THAT A SUPERSEDEAS BOND BE POSTED IN THE FULL AMOUNT AS REQUIRED TO STAY THE MATTER PENDING APPEAL

Local Rule 62.2 states:

> A supersedeas bond staying execution of a money judgment shall be in the amount of the judgment plus ten (10%) percent of the amount to cover interest and any award of damages for delay plus Five Hundred and no/100 ($500.00) Dollars to cover costs, unless the court directs otherwise.

Local Rule 62.2.

The bond requirement is intended to protect the interest of the creditor's right under judgment during the pendency of an appeal. Peacock v. Thomas, 516 U.S. 349, 359 (1996); Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 17 (1st Cir. 2002); J. Perez & CIA., Inc. v. U.S., 747 F.2d 813, 815 (1984)

Courts may limit the amount of the bond if: (1) the judgment debtor's ability to pay is so plain that the posting of a bond would be a waste of money; or (2) the bond would put the judgment debtor's other creditors in undue jeopardy. Acevedo-Garcia, 296 F.3d at 17. Specialty National has failed, refused, and/or neglected to submit any evidence or otherwise argue that it has the ability to pay the Judgment. For this reason alone, Specialty National's request must be rejected. Id. at 17, citing Sealover v. Carey Cananda, 806 F. Supp. 59, 62 (M.D. Pa. 1992) (while proof of ability to pay is proper ground for omitting bond requirement, a request must be rejected where the court lacks "information necessary to make such a determination").

Moreover, according to the Kemper Insurance Companies ("Kemper") website, of which Specialty National is part, Kemper is an organization in "run-off" and claims are being handled

by unaffiliated third-party administrators. (A copy of the printout obtained from the Kemper website is attached hereto as Exhibit "A"). Given the uncertainty of Specialty National's ability to pay this Judgment, it is incumbent upon it to give a supersedeas bond in the full amount as provided in Fed. R. Civ. P. 62(d) to obtain a stay while an appeal is pending.

## CONCLUSION

Based upon the above, there is no basis in the circumstances of this case, for this Court, in its discretion, to deviate from the ordinary and usual procedure of requiring a supersedeas bond in the full amount as expressed in Local Rule 62.2.

OneBeacon respectfully requests that a writ of execution be issued in compliance with Fed. R. Civ. P. 69, and that Specialty National be required to post the full supersedeas bond should it wish to stay the matter pending appeal.

Respectfully submitted,
**ONEBEACON INSURANCE COMPANY,**
By its Attorneys,

_____/s/ Randy J. Spencer_____
Peter G. Hermes, BBO #231840
Randy J. Spencer, BBO #653879
HERMES, NETBURN, O'CONNOR &
   SPEARING, P.C.
265 Franklin Street, Seventh Floor
Boston, MA 02110
(617) 728-0050
Dated: May 30, 2006           (617) 728-0052 (F)

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

_____/s/ Randy J. Spencer_____
Randy J. Spencer