UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 MAY 24  P 12: 57

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| SPECIALTY NATIONAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>-vs-<br><br>ONEBEACON INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 04-12306RCL |

## OPPOSITION TO ONE BEACON'S MOTION FOR WRIT OF EXECUTION AND FOR A STAY PENDING APPEAL

Specialty National Insurance Company, plaintiff in the above named case, hereby opposes the motion for issuance of a writ of execution filed by One Beacon Insurance Company, and requests that this Court enter a stay of execution pending Specialty National's appeal to the United States Court of Appeals for the First Circuit from this Court's decision allowing One Beacon's motion for summary judgment and the final judgment entered in this action on May 10, 2006. As grounds for this motion, Specialty National states as follows:

1. On May 23, 2006, Specialty National filed a notice of appeal from the final judgment entered in this action to the United States Court of Appeals for the First Circuit.

2. Specialty National has substantial grounds for relief. The Court's summary judgment order is mistakenly based upon an assumption that it controlled McMillan's defense for a period of more than two years. It is undisputed that the plaintiff in the underlying action never filed a lawsuit against McMillan. The third-party complaint

that McMillan tendered was filed in October, 2003. Until this third-party claim was filed, there was no defense to be controlled. McMillan's defense was actually only in the hands of counsel retained by Specialty National from December 2003 to the settlement of the claim in August 2004, a period of about eight months. Prior to that time Specialty National may have opened a file, but it had taken no action that irrevocably set a position for McMillan in the litigation. "In order to succeed on an estoppel theory, it must be shown that one has been induced by the conduct of another to do something different from what otherwise would have been done *and that harm has resulted*." (emphasis added). *Lumbermens Mutual v. Offices Unlimited*, 419 Mass. 462, 468; 645 N.E.2d. 1165 (1995). Where two primary insurers jointly fund a settlement within the primary limits of insurance coverage, and their insured is not liable for any part of the settlement or for defense costs, an estoppel claim against one of the insurers is without merit. "Even assuming some sort of adverse reliance . . . , no harm could have arisen from it." *Id*.

3. Specialty National and One Beacon jointly funded a settlement on behalf of McMillan with the understanding that they would submit to this Court the substantive question which of their policies provided coverage against McMillan's potential liability in the underlying lawsuit. Each insurer promised to repay the other based upon the ultimate resolution of their dispute. Staying the issuance of a writ of execution pending appeal is consistent with this agreement and results in no prejudice to One Beacon.

Wherefore, Specialty National respectfully requests that the Court:

1. deny One Beacon's motion for issuance of a writ of execution;

2.     issue a stay pending appeal of the Court's judgment without a requirement of a supersedeas bond; or,

3.     alternatively, only require a bond for the costs of appeal as condition to the issuance of a stay pending appeal; or,

4.     alternatively, issue a stay conditioned upon the posting of a supersedeas bond in an amount established by the Court.

SPECIALTY NATIONAL INSURANCE COMPANY

By its attorney,

/s/ *Robert P. Powers*
Robert P. Powers, BBO No.544691
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109
Tel.: (617) 523-6200
rpowers@melicklaw.com


### CERTIFICATE OF SERVICE

I, Robert P. Powers, hereby certify that Specialty National' Opposition to One Beacon's Motion for Writ of Execution and for a Stay Pending Appeal filed through the ECF system, will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 23, 2006.

/s/ *Robert P. Powers*
Robert P. Powers, BBO No.544691
Melick, Porter & Shea, LLP
28 State Street
Boston, MA 02109
Tel: (617) 523-6200
rpowers@melicklaw.com

Dated: May 23, 2006